J-A12018-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARQUEL THOMAS | : | |
| | : | |
| Appellant | : | No. 830 EDA 2025 |

Appeal from the Judgment of Sentence Entered March 4, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001421-2015

BEFORE:   LAZARUS, P.J., SULLIVAN, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY LAZARUS, P.J.:            **FILED MAY 1, 2026**

Marquel Thomas appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, following the modification of his probation.  After review, we affirm in part, vacate in part, and remand.[1]

On April 27, 2015, Thomas pled guilty to possession with intent to deliver (PWID) and conspiracy—PWID.[2]  On September 21, 2015, the trial court sentenced Thomas to concurrent sentences of 11½ to 23 months' incarceration followed by five years' probation.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Thomas has filed an application to submit on briefs, and the Commonwealth has joined his request.  **See** Application to Submit on Briefs, 4/16/26, at 1-2. Notably, the Commonwealth has conceded that Thomas is entitled to relief. **See** Commonwealth's Brief, at 10-14.  As a result of the foregoing and our disposition, we grant Thomas' request to proceed on briefs and direct the prothonotary to remove this case from the May 12, 2026 argument list.

[2] 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. § 903.

Subsequently, Thomas was found in direct violation of his probation on May 21, 2019, for a conviction of simple assault. The trial court revoked Thomas' probation and sentenced him to concurrent sentences of eight years' probation on each conviction. On August 17, 2020, Thomas pled guilty to new charges in an unrelated case and, on the same day, the trial court continued Thomas' probation with no changes.

On August 31, 2022, Thomas tested positive for marijuana. On November 11, 2022, Thomas was arrested and charged with firearm violations. While those charges were pending, Thomas attended status hearings on January 5, 2023 and April 25, 2023 where he was tested positive for marijuana. Thomas was found to be otherwise compliant during this time.

On February 13, 2025, the pending firearm charges against Thomas were withdrawn. On February 18, 2025, the trial court scheduled a *Gagnon II*[3] hearing on the instant probation case. In advance of the hearing, the Commonwealth filed an amended *Gagnon II* summary which stated: "Thomas has been in overall compliance with [] probation since his last appearance. [His] open matter . . . was withdrawn, and [] Thomas is no longer facing a potential direct violation. There are no technical violations to address before the court." *Gagnon II* Summary, 2/25/25, at 2. Additionally, the *Gagnon II* summary detailed that Thomas had been drug tested four times since April 25, 2023, and all four tests were negative. *See id.*

_____

[3] *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

Nevertheless, the trial court conducted a *Gagnon II* hearing at which both Thomas and the Commonwealth were in agreement that there was no pending violation because his firearm charges had been withdrawn. *See* N.T. *Gagnon II* Hearing, 2/28/25, at 3. Ultimately, at the conclusion of the *Gagnon II* hearing, the trial court amended Thomas' probation by requiring him to obtain a full-time job within 30 days but continued all other aspects of Thomas' probation. *See* Sentencing Order, 3/4/25, at 1. Thomas filed a timely post-sentence motion challenging the modification to his probation pursuant to 42 Pa.C.S.A. § 9771(a) and arguing that the trial court exceeded its authority when it modified his probation without evidence to support that he was a threat to public safety. *See* Post Sentence Motion, 3/4/25, at 1-3.

Thomas filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. He now raises the following claim for our review:

> Did the trial court exceed its authority under 42 Pa.C.S.[A.] § 9771 and illegally increase the conditions of [] Thomas's probation when it ordered him to obtain full-time employment within thirty days, where [] Thomas was compliant with probation and there was no finding that he presented an identifiable threat to public safety?

Brief for Appellant, at 2.

Thomas' claim falls under 42 Pa.C.S.A. § 9771(a), which states that a trial court "has inherent power to at any time . . . increase the conditions under which an order of probation has been imposed **upon a finding by clear**

- 3 -

**and convincing evidence that a person presents an identifiable threat to public safety**." 42 Pa.C.S.A. § 9771(a) (emphasis added).

At the **Gagnon II** hearing, the Commonwealth presented no evidence that Thomas was an identifiable threat to public safety and emphasized that Thomas' pending firearm charges had been withdrawn. **See** N.T. **Gagnon II** Hearing, 2/28/25, at 3. Moreover, the Commonwealth's **Gagnon II** Summary echoed that conclusion and explained that Thomas had been otherwise in compliance with his probation. **See Gagnon II** Summary, 2/25/25, at 2. On appeal before this Court, the Commonwealth has further conceded that the record does not support a conclusion that Thomas posed a threat to public safety and, consequently, the trial court was without statutory authority to increase Thomas' probation conditions. **See** Commonwealth's Brief, at 10-14.

Upon review, we agree with the parties that the trial court committed an error of law in violation of the plain language of subsection 9771(a) and exceeded its statutory authority in this regard. **See** 42 Pa.C.S.A. 9771(a). Indeed, there is nothing in the record before this Court to support a finding by clear and convincing evidence, that Thomas is a threat to public safety and, moreover, the trial court never made such a finding. **See** N.T. **Gagnon II** Hearing, 2/28/25, at 1-21. As a result, we vacate Thomas' March 4, 2025, judgment of sentence with respect to the new probation condition, requiring Thomas to obtain employment, imposed without statutory authority.

Judgment of sentence affirmed in part, vacated in part. Case remanded. Jurisdiction relinquished. Motion to submit on briefs granted.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>5/1/2026</u>